OPINION
In this matter, appellant, Richard A Carriger, appeals the Mentor Municipal Court's judgment entry finding him guilty of driving under the influence, in violation of R.C. 4511.19(A)(1).
At the outset we note that the record is devoid of any transcript of the proceedings before the lower court. Consequently, the factual record before this Court is sparse.
However, the record does reveal that appellant was arrested on August 8, 1998, at 6:34 p.m., for driving under the influence, in violation of R.C. 4511.19(A)(1). Appellant also was cited for a marked lane infraction, in violation of R.C. 4511.33. Apparently, appellant had been involved in a traffic accident, to which the Mentor police department began an investigation. The particular details of appellant's arrest are beyond the scope of the factual record.
At a plea hearing conducted on August 10, 1998, appellant entered a plea of not guilty. On September 17, 1998, appellant filed a motion to suppress all evidence that could be used against him. The trial court denied appellant's motion to suppress on September 28, 1998. Finally, in conjunction with the hearing on appellant's motion to suppress, a bench trial was held on September 28, 1998, which resulted in a finding of guilt on the offense of driving under the influence.[1] Appellant was then sentenced to pay a fine totaling $970.10, had his driver's license suspended for five years, and was placed on probation for a period of two years.
Appellant timely filed a notice of appeal, and now asserts the following as error:
 "[1.] The trial court erred in overruling [appellant's] motion to dismiss/suppress the within matter.
 "[2.] The trial court erred in requiring [appellant] to schedule his motion to suppress the evidence at the same date and time as a trial on the DUI charge.
 "[3.] The trial court erred to the substantial prejudice of [appellant] when the trial judge showed his bias toward [appellant] due to [appellant] `looking' guilty, rather than relying on the facts from the witness stand.
 "[4.] The trial court erred in overruling [appellant's] Rule 29 [sic] motion for acquittal and in finding [appellant] guilty when no facts existed beyond a reasonable doubt to convict [appellant]."
Due to the fact that each of appellant's assignments of error is dependent upon the presence of a transcript, they will be addressed in a consolidated fashion.
In the first assignment of error, appellant avers that the trial court erred by failing to grant his motion to suppress/dismiss because the only evidence concerning his inebriated condition consisted of trial testimony by the police officer who arrested him and that of a person who was involved in the accident prior to his arrest. In the second assigned error, appellant claims that he objected to the court's decision to conduct the motion to suppress hearing at the same time of the trial, once the trial proceedings commenced. In the third error, appellant argues that the trial judge demonstrated a prejudicial bias against him through remarks made during the proceedings. Finally, in the last assigned error, appellant contends that he made a Crim.R. 29 motion for acquittal at the close of the trial proceedings that was improperly overruled since there were no facts which indicated his guilt beyond a reasonable doubt.
Each of the assigned errors raise issues stemming from events which allegedly occurred during the course of the trial proceedings and which only could be verified and evaluated by this Court through the presence of a transcript or document that satisfies App.R. 9. However, appellant has failed to support his claims by submitting into the record a transcript of the proceedings or other appropriate statement.
In State v. Johnson (July 24, 1992), Lake App. No. 91-L-107, unreported, at 4, this Court discussed the importance of a complete record on appeal in a criminal case:
 "It is well settled that [an] appellant has the duty to demonstrate error on appeal and must provide a record which exemplifies the claimed error. * * * When parts of the record necessary for the resolution of the assigned errors are omitted, there is nothing for the reviewing court to pass upon. Thus, the reviewing court must presume the validity of the proceedings below and affirm. * * *." (Citations omitted.)
The court further held that although the appellants did not meet their burden to supply a transcript of the trial proceedings, through no fault of their own, they could have facilitated a review of the matter by complying with either App.R. 9(C) or (D).
App.R. 9(C) allows an appellant to "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection," when no report of the evidence or the trial was made, or if a transcript is unavailable. App.R. 9(D) permits the parties to submit an "agreed statement" in lieu of transcript. Additionally, appellant was empowered to cure any defect in the record, namely the omissions of the transcript, by correcting the record in accordance with the procedure set forth in App.R. 9(E).
With regard to appellant's first and third assignments of error, we are precluded from evaluating the testimony of the appellee's witnesses and the alleged bias remarks made by the trial judge because there is no transcript for us to review. Concerning the second assignment of error, appellant is unable to demonstrate that he made an objection to the trial court's alleged decision to conduct the motion to suppress hearing at the same time of the trial, since the claimed objection was made orally at the commencement of the trial and there is no evidence indicating such motion was made. Moreover, there is no evidence showing when the motion to suppress hearing was conducted.
Likewise, in regard to the fourth assignment of error, there is no evidence before us that appellant's counsel made an oral Crim.R. 29 motion for acquittal at the close of the trial proceedings. Additionally, even if such motion was made, the absence of a complete record would preclude us from determining such motion. Indeed, pursuant to Crim.R. 29(A), we could not order an acquittal if "the evidence [was] such that reasonable minds [could] reach different conclusions as to whether each material element of [the] crime [was] proven beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus. Without a transcript, we are unable to assess whether Crim.R. 29 was or was not satisfied.
Thus, as directed by our earlier case, Johnson, we have no choice but to presume the validity of the lower court's proceedings and affirm. With regard to each assignment of error, appellant did not meet his burden of showing error by reference to matters in the record. Furthermore, appellant did not avail himself of the opportunities to complete the record, as afforded by App.R. 9(C), (D), or (E), if a transcript could not be acquired. Accordingly, appellant's first, second, third and fourth assignments of error are not well-taken.
For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Mentor Municipal Court is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] We note that a motion to suppress can be heard either prior to simultaneously with the trial proceedings. See, generally,State v. Hayes (Sept. 30, 1999), Ashtabula App. No. 97-A-00667, unreported. Additionally, we are unable to determine, due to the lack of a transcript, whether the hearing on the motion to suppress was conducted before or simultaneously with the trial on the merits.